Hotel 237, LLC v G.M. Canmar Residence Corp. (2024 NY Slip Op 00163)

Hotel 237, LLC v G.M. Canmar Residence Corp.

2024 NY Slip Op 00163

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Moulton, J.P., Kapnick, Scarpulla, Higgitt, O'Neill Levy, JJ. 

Index No. 657772/19 Appeal No. 1441-1442 Case No. 2022-02270, 2022-02278 

[*1]Hotel 237, LLC, Plaintiff-Appellant,
v
G.M. Canmar Residence Corp., Defendant-Respondent.

Rosenberg & Estis, P.C., New York (Alex M. Estis of counsel), for appellant.
Romer Debbas LLP, New York (Steven Kirkpatrick of counsel), for respondent.

Order, Supreme Court, New York County (Debra James, J), entered May 6, 2022, which, to the extent appealed as limited by the briefs, granted defendant landlord use and occupancy pendente lite, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 17, 2022, which granted plaintiff tenant's motion for reargument, and upon reargument, adhered to the order directing plaintiff to pay landlord use and occupancy, unanimously dismissed, without costs, as academic.
"A court has broad discretion in awarding use and occupancy during the pendency of an action" pursuant to Real Property Law § 220 (see 43rd St. Deli, Inc. v Paramount Leasehold, L.P., 107 AD3d 501, 501 [1st Dept 2013]). The fact that a party is not in possession does not prevent the court from ordering that party to pay use and occupancy (see Getty Props. Corp. v Getty Petroleum Mktg., Inc., 106 AD3d 429, 430 [1st Dept 2013]).
Here, upon defendant's motion, the court awarded use and occupancy based upon the monthly rent due under the 2010 lease as is authorized by statute, and plaintiff provided no valid reason not to do so.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024